E-FILED
Tuesday, 29 June, 2021  02:25:51 PM
Clerk, U.S. District Court, ILCD

EZEQUIEL RAMIREZ,                    )
                                     )
                Plaintiff            )
                                     )
        vs.                          )          Case No. _____
                                     )          *(The case number will be assigned by the clerk)*
JONATHAN EK,                         )
Medical Director,                    )
STEPHEN RITZ,                        )
Utilization Management,              )
and WEXFORD HEALTH                   )
SOURCES, INC.,                       )
Medical Provider and                 )
UNKNOWN EMPLOYEES,                   )
OF WEXFORD HEALTH                    )
SOURCES, INC.   Defendant(s)         )

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

■ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: _Ezequiel Ramirez_

Prison Identification Number: _Y41546_

Current address: _3820 East Main Street._
_Danville, Illinois 61834_

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: _Jonathan EK_

Current Job Title: _Medical Director_

Current Work Address _3820 East Main Street_
_Danville, Illinois 61834_

Defendant #2:

Full Name: _Wexford Health Sources Inc_

Current Job Title: _Medical Provider_

Current Work Address _801 Adlai Stevenson Drive_
_Springfield, Illinois 62703_

Defendant #3:

Full Name: _Stephen Ritz_
_Utilization Management_

2

Current Work Address 387 Mansfield Ave. Suite 205

Pittsburg, Pennsylvania 15230

Defendant #4:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

The *"three strikes rule"* bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?  Yes ☐  No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐  No ☒

3

1. Name of Case, Court and Docket Number

_____

_____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still

pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ■ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

Yes ■ No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed? Yes ■ No ☐

4

Place(s) of the occurrence _____

Date(s) of the occurrence _____

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

## I. Introduction

1.) This action arises under the United States Constitution and the laws of the United States under the Civil Rights Act of 1871 and 42 U.S.C. § 1983 to properly redress deprivations by Defendants of Plaintiff's rights and the Eighth Amendment of the United States Constitution. Plaintiff alleges violation of his constitutional rights to receive medical care. Plaintiff is seeking injunctive relief and money damages.

## II. Jurisdiction And Venue

2.) Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 and 1367.

3.) Venue is proper in the Central District of Illinois pursuant to 28 U.S.C. § 1391 as acts and omissions complained of occurred within said judicial district.

5

4.) Plaintiff Ezequiel Ramirez is currently incarcer-
ated at the Danville Correctional Center in Danville,
Illinois and was incarcerated at this facility at all
relevant times to this Complaint.

5.) Defendant JONATHAN EK was employed at
Danville Correctional Center by Defendant WEXFORD
HEALTH SOURCES, INC. at all times relevant to this
Complaint.

6.) Defendant UNKNOWN EMPLOYEE(S) OF WEXFORD
HEALTH SOURCES, INC. were employees of Defendant
WEXFORD HEALTH SOURCES, INC. at all times relevant
to this Complaint.

7.) Defendant STEPHEN RITZ was employed by
Defendant WEXFORD HEALTH SOURCES, INC. at
all times relevant to this Complaint.

8.) Defendant WEXFORD HEALTH SOURCES, INC. was
and is a Florida corporation doing business in
Illinois under contract with the Illinois Department
of Corrections to provide medical care to inmates
incarcerated at Illinois Department of Corrections
facilities including Danville Correctional Center
at all times relevant to this Complaint.

9.) Defendants acted under color of law at all times

6

relevant to this complaint and are being sued in their individual capacities.

## III. Factual Allegations

10.) During the month of February, 2017, Plaintiff had arthoscopic surgery on his left knee which the surgeon had to remove 1½ inches of Plaintiff's meniscus following an injury he sustained.

11.) After surgery Plaintiff had full range of motion following physical therapy.

12.) On January 22, 2021, while incarcerated at Danville Correctional Center Plaintiff suffered a repetitive injury on the same injured knee after getting down off the top bunk.

13.) Prior to Plaintiff injuring his left knee he initially requested to be moved to a cell with a low bunk after having a difficult time of going up and down on his top bunk bed, but his request was denied.

14.) As treatment for his injuries Plaintiff received Naproxen, crutches and a ace wrap. Plaintiff was denied a low bunk permit which would of placed him on the bottom bunk to prevent further

and future injuries.

15.) From January 22, 2021 - May 3, 2021, Plaintiff received minimum medical treatment of his left knee that was absolutely ineffective.

16.) On or about May 4, 2021, Plaintiff suffered an additional repetitive injury on the yard while attempting to pick up his handball which he slipped injuring his left knee.

17.) Thereafter, Plaintiff was transported to the health care unit before being transported to Carle hospital.

18.) Plaintiff's left knee was xray by a unknown doctor who recommended that Plaintiff undergo a MRI as a result of his previous surgery.

19.) Upon Plaintiff's return from the hospital he consulted with Dr.

8.

Jonathan Ek in regards to the specialists recommendations that Plaintiff undergo a MRI.

20.) Dr. Ek referred Plaintiff for a MRI to the collegial review board.

21.) On or about May 10, 2021, Dr. Stephen Ritz denied the specialist and Dr. Ek's referral that Plaintiff undergo a MRI for further diagnosing and treatment.

22.) Plaintiff was ordered to do physical therapy as treatment. The physical therapy was ineffective.

23.) On several occassions Plaintiff disclosed to Dr. Ek that the pain medication and physical therapy exercises were ineffective but to no avail.

24.) Dr. Ek failed to provide Plaintiff adequate pain management prescriptions.

9.

25.) On May 19, 2021, Plaintiff consulted with another orthopedic surgeon of Champaign-Urbana, Illinois.

26.) The unknown doctor told Plaintiff that he was there to undergo a second xray and not a MRI.

27.) As a result of Dr. Ritz denial of the MRI referral by Dr. Ek as recommended by the specialist, Plaintiff's condition has deteriorated drastically. Plaintiff's left knee bone is grinding between his joint on top of each other.

28.) Plaintiff is suffering chronic stabbing numbness and burning sensation up and down his left leg.

29.) When Plaintiff has pain he's unable to walk, stand or sleep.

30.) It is now 4 months later and Plaintiff

10.

is still experiencing chronic stabbing, numbness and burning sensation in his left leg and knee for at least 12 hours a day on a daily basis.

31.) Defendants EK, Ritz and Unknown Employees Of Wexford Health Sources, Inc. Knew of Plaintiff's previous knee surgery and repetitive injuries and needs yet failed to provide adequate medical care to him after arriving at Danville Correctional Center; Specifically, aforementioned Defendants primarily failed to:

a) provide Plaintiff Ezequiel Ramirez adequate pain management prescriptions;

b) properly treat Plaintiff Ezequiel Ramirez left knee injuries;

c) refer Plaintiff Ezequiel Ramirez to a medical specialist for a MRI

11.

and/or treatment regarding the above
medical condition in a timely manner;

d) follow the orders and/or findings
of doctors not employed by Defendant
Wexford Health Sources, Inc. who
examined Plaintiff Ezequiel Ramirez.

32.) The aforementioned acts and
omissions of Defendants Ek, Ritz
and Unknown Employees of Wexford
Health Sources, Inc. were deliberately
indifferent to Plaintiff Ezequiel
Ramirez's serious medical needs
aggravating and worsening Plaintiff
Ezequiel Ramirez medical condition.

33.) Specifically, Plaintiff suffered
extreme pain and suffering and emoti-
onal distress and anguish.

34.) Defendant Wexford Health Sources,
Inc. promulgated practices, policies
and/or customs that control the

12.

medical care provided at Danville
Correctional Center and these practices,
policies and / or customs have been
implemented by its employees at
Danville Correctional Center, including
Defendants EK, Ritz and Unknown
Employees of Wexford Health Sources,
Inc., resulting in deliberate indifference
to Plaintiff Ezequiel Ramirez's medical
needs.

35.) Specifically, Defendant Wexford
Health Sources, Inc. has practices, policies
and / or customs that primarily resulted
in the following:

a) allowing the cost of medical care
to be the driving force behind medical
decisions resulting in poor health
outcomes and death of its patients;

b) failing to provide patients with
timely access to health care outside
of Wexford Health Sources, Inc.;

13.

c) failing to provide patients with prompt access to appropriate medical specialists;

d) failing to provide any oversight pertaining to the quality of care provided by Wexford Health Sources, Inc.

36.) None of the aforementioned practices, policies and / or customs of Defendant Wexford Health Sources, Inc. constitute isolated instances of an act or omission.

37.) In fact, the aforementioned practices, policies and / or customs of Defendant Wexford Health Sources, Inc. constitute unconstitutional practice, policies and / or customs.

38.) The aforementioned acts and / or omissions of Defendants were willful, wanton, malicious, oppressive and done with reckless disregard to and / or

14.

callous disregard for Plaintiff's rights and justify the award of exemplary and punitive damages in an amount to be determined by a jury at trial.

## IV.

## Monell Claim Against Defendant WEXFORD HEALTH SOURCES, INC

39.) Plaintiff Ezequiel Ramirez, hereby incorporates and re-alleges paragraphs 1-42 as though fully set forth herein in its entirety.

40.) The constitutional violations set forth above were committed pursuant to the unconstitutional practices, policies and/or customs of Defendant Wexford Health Sources, Inc. acting under color of law

41.) At all times alleged, Wexford had a policy and practice of maltreatment

15.

that caused harm to prisoners, including Plaintiff Ezequiel Ramirez.

42.) Wexford had a policy and practice as stated in the Wexford Provider Handbook, which states:

"Cost Considerations: A criticism frequently directed toward private managed care programs like Wexford is that services are withheld to improve profits. Similar criticism has been directed at the medical industry in general, implying that cost-money- should be a consideration in treatment, and with progressive government "Health Care Reform" will be a far greater factor than it has ever been under the "control of the health profession." Consideration in deciding treatment is given to whether or not the Department of Corrections has the responsibility to provide treatment. The mere existence of a condition DOES NOT

16.

CONSTITUTE A RESPONSIBILITY FOR REPAIR! When considering alternative treatment approaches, cost becomes a consideration. Even then, it is not THE determinant, but only ONE of several possible variables considered. Meanwhile, the role of the medical staff is to: 1) provide medical care to individual patients, and 2) seek the best quality we can afford and spread our health care budget to effectively cover as many services as possible. Cost has been and must continue to be a consideration. The "cost of service" remains an important factor to be shouldered by each health care professional. Being fiscally responsible builds a broader range of treatment alternatives."

43.) On information and belief, the Illinois Department of Corrections awarded Wexford a contract to provide medical care and services to

17.

inmates on a low bid basis.

44.) Wexford's bid created and establi-
shed the ceiling of its "budget".

45.) On information and belief, treat-
ment decisions by medical professionals,
such as Defendants EK, Ritz and
Unknown Employees of Wexford
Health Sources, Inc. are influenced by
Wexford's above-stated policy and
practice such that necessary
medical treatment is denied to prisoners,
such as Plaintiff Ezequiel Ramirez,
based on Wexford's "budget".

46.) On information and belief, the
Wexford Provider Handbook, including
the above-stated policy, was distri-
buted and read by Defendants Jona-
than EK, Stephen Ritz and Unknown
Employees of Wexford Health Sources,
Inc.

18.

47.) Defendant Wexford Health Sources, Inc. had practices, policies and/or customs so prevalent and widespread as to comprised corporate policy and in turn compromise medical care ultimately causing the constitutional violations set forth above for its patients including Plaintiff Ezequiel Ramirez.

48.) Defendant Wexford Health Sources, Inc., by and through its practices, policies and/or custom, acted as the moving force behind the constitutional violations at issue in this Complaint.

49.) The deficiencies in the practices, policies and/or customs of Defendant Wexford Health Sources, Inc. have been documented by well-researched and highly respected studies and reports and within the four corners of the Wexford Provider Handbook.

50.) The actions of the individual Defendants

19.

as alleged in this Complaint were done
pursuant to and as a result of one or
more of the practices, policies and / or
customs of Defendant Wexford Health
Sources, Inc. as set forth above.

51.) The actions of the individual defendants
as alleged in this Complaint and the
actions of Defendant Wexford Health
Sources, Inc. and its supervisory employees
in failing to train, supervise and
discipline employees with respect to
said actions resulted in recurring
situations at Danville Correctional
Center and not isolated instances of a
failure to act.

52.) The practices, policies and / or
customs described in this Complaint
were widespread, permanent, well-
settled and were known or should have
been known to the policy makers of
Defendant Wexford Health Sources, Inc.

20.

53.) The policy-makers of Defendant Wexford Health Sources, Inc. were instrumental in maintaining, overlooking and perpetuating the unconstitutional practices, policies and/or customs described above.

54.) Through its practices, policies and/or customs, Defendant Wexford Health Sources, Inc. deprived Plaintiff Ezequiel Ramirez of the rights, privileges and immunities secured to him by the Eighth Amendment to the Constitution of the United States and laws enacted thereunder; therefore, Defendant Wexford Health Sources, Inc. is liable to Plaintiff Ezequiel Ramirez pursuant to 42 U.S.C. § 1983.

(State what relief you want from the court.)

1.) Award Plaintiff the sum amount of $200,000 two hundred thousand in Compensatory damages;

2.) Award the Plaintiff the sum amount of $40,000 forty thousand each against defendants Ek, Ritz, Wexford and Unknown Employees of Wexford; and

3.) Issue an injunction ordering the defendants to: (1) Submit Plaintiff to undergo a MRI and to grant such other relief the Court deem just and appropriate.

JURY DEMAND          Yes ▨          No ☐

Signed this _____1_____ day of ___June_____, 20_21_.

_Ezequiel Ramirez_

( Signature of Plaintiff)

Name of Plaintiff:

_Ezequiel Ramirez_

Inmate Identification Number:

_Y41546_

Address:
_3820 East Main Street_
_Danville, Illinois 61834_

Telephone Number:

22.